17806

Murrell STANLEY, Respondent, v. RESERVE INSURANCE
COMPANY, Appellant
(121 S. E. (2d) 10)

534

*Messrs. Hagood, Rivers & Young,* of Charleston, and *Burroughs & Green,* of Conway, *for Appellant,* ▮▮▮▮▮▮

*Messrs. J. Reuben Long* and *J. M. Long, Jr.,* of Conway, *for Respondent,*

July 18, 1961.

LEWIS, Justice.

This action was brought by the respondent, Murrell Stanley, against the appellant, Reserve Insurance Company, to recover, under an automobile liability insurance policy, the amount of a judgment obtained against appellant's insured, Weylon B. Rabon. The policy of insurance was issued on a truck owned by Rabon and this appeal involves the extent of the coverage afforded by the policy.

The respondent, Murrell Stanley, obtained judgment by default against Weylon B. Rabon for personal injuries and

property damage sustained in a collision with a truck and trailer owned by Rabon. At the time of the collision the truck was being operated with a trailer attached. Rabon held an automobile liability insurance policy issued to him by the appellant, Reserve Insurance Company, in which his truck was designated as the insured vehicle, but not the trailer. The policy contained a clause excluding coverage when the insured vehicle is used for towing a trailer not covered by like insurance in the company.

The appellant denied liability under the policy upon the grounds that (1) the truck operated by Rabon at the time of collision was not the vehicle designated and shown in the policy and (2) the vehicle operated at the time of the collision by Rabon was towing an uninsured trailer in violation of the terms of the policy.

Upon the trial of this case both appellant and respondent made motions for a directed verdict in their favor. The trial court refused the motion of the appellant and granted that of the respondent for the amount of the judgment previously obtained against Rabon, the insured. Thereafter appellant's motions for judgment in its favor notwithstanding the verdict and, in the alternative for a new trial. were denied and this appeal followed.

While the exceptions raise several questions relating to the identity of the truck insured and the admissibility of certain testimony, it is only necessary to decide whether or not the claim of the respondent is defeated by the provision of the policy excluding coverage when the vehicle insured is used for towing an uninsured trailer. In doing so, we shall assume that the truck operated by Rabon at the time was the one designated and shown in the policy.

Rabon was engaged in the logging business and the vehicle operated at the time of the collision by him was a two ton truck to which was connected a pole trailer of the type used for logging operations. The collision, out of which respondent's injury and damage arises, occurred when the respond-

ent's automobile struck the truck and trailer as it was pulling into the highway from a filling station.

The pertinent part of exclusion C of the policy in question reads as follows: "This policy does not apply while the automobile is used for the towing of any trailer owned or hired by the insured not covered by like insurance in the company."

The foregoing provisions are not uncommon in policies of automobile liability insurance. They are generally held valid and enforceable because of the added hazard created by the towing of the trailer. 5A Am. Jur., Section 33, page 34; 45 C. J. S., Insurance, § 834, page 913; 7 Appleman Insurance Law and Practice, Section 4438; 6 Blashfield Cyc. of Automobile Law and Practice, Section 3973; Annotation: 31 A. L. R. (2d) 298; and the cases cited in the foregoing. The added hazard of towing a trailer is one for which an additional premium is ordinarily charged.

It is undisputed that, at the time of the collision in question, the insured vehicle was towing a trailer, owned by the insured, not covered by like insurance in the company. The foregoing policy provision expressly excludes coverage under such circumstances, is valid and binding between the parties, and defeats recovery in this case.

At the time of the application for the policy the question regarding the insurance of a trailer was not discussed, and the record is silent as to any knowledge by the agent of the use of a trailer with the truck insured. There was no request for insurance of a trailer and no disclosure of information as to the type truck being insured, except that it was a two ton truck.

The respondent contends, however, that the provisions of the South Carolina Motor Vehicle Safety Responsibility Act (Section 46-701 *et seq.* of the 1952 Code of Laws) require the conclusion that coverage is afforded by the policy notwithstanding the provision of the policy to the contrary. The lower Court, in effect, so held.

The policy of insurance in question was obtained by Rabon pursuant to the mandatory terms of the foregoing Act, and the required certificate of its issuance was duly filed by appellant with the State Highway Department. It is conceded that the policy was issued to comply with the Motor Vehicle Safety Responsibility Act and to enable Rabon to establish financial responsibility for the future operations of his truck as required by that law. The policy obtained was an owner's policy and is one of the statutory methods of proof of financial responsibility. Section 46-750.4.

The respondent, as did the trial court, relied mainly upon Section 46-750.26(3) for the conclusion that the Act operates to nullify the exclusion of coverage when the insured vehicle was towing an uninsured trailer. In the answer of the appellant it is alleged that there was "a violation of the policy provisions as the vehicle was towing a trailer which was not covered on the policy and therefore there was no coverage in effect on the vehicles involved in the collision". Respondent argues that the towing of the trailer in question was a violation of the policy and was so recognized by the appellant in its answer. He further contends that, since the act of towing the trailer was a violation of the policy, such would not defeat recovery, as under the provisions of this subsection it is provided that "no violation of the policy shall defeat or void the policy". While the appellant referred in its answer to the towing of the trailer as a violation of the policy provisions, an examination of the pleadings will clearly disclose that the provision prohibiting the towing of an uninsured trailer was plead as an exclusion from the policy provisions, rather than a violation.

The provision of the policy, excluding coverage when the vehicle insured is towing an uninsured trailer, is a limitation on the coverage afforded by the contract. It excludes coverage when the insured vehicle is towing a trailer not covered by like insurance in the company. The act of towing the trailer in question was not a violation of the policy provisions, but a use of the vehicle not covered by

its terms. It is one of the risks excluded from the policy provisions. See: *Phoenix Indemnity Co. v. Conwell,* 94 N. H. 146, 47 A. (2d) 827, 1 A. L. R. (2d) 819.

The contention of the respondent is, in effect, that the foregoing Act requires an insurance policy subject to its provisions to afford protection to the owner irrespective of the use made of the insured vehicle or the circumstances. Certainly, the effect of sustaining the position of respondent would be to so hold. We are of the opinion that there is no provision of the Act justifying such conclusion.

The Act in question sets forth in plain langauge the coverage required in automobile liability policies issued under its terms. Sections 46-750.24, 46-750.26, 46-750.28. There is no provision which, either expressly or by implication, requires that such a policy must insure against any and all liability, regardless of the circumstances. The polcy in question meets the requirements of the Act and the coverage afforded by it must be determined by its terms. *Booth v. American Casualty Co.,* 4 Cir., 261 F. (2d) 389; *Howell v. Travelers Indemnity Co.,* 237 N. C. 227, 74 S. E. (2d) 610.

Illustrative of the broader coverage required under the automobile liability insurance statutes of some states is the provision considered in the case of *Phoenix Indemnity Co. v. Conwell, supra;* Annotation: 1 A. L. R. (2d) 822.

While the broad public policy underlying the enactment of the Motor Vehicle Safety Responsibility Act is recognized, as stated in *Barkley v. International Mutual Insurance Co.,* 227 S. C. 38, 86 S. E. (2d) 602, 605, "We cannot read into the insurance contract, under the guise of public policy, provisions which are not required by law and which the parties thereto clearly and plainly have failed to include." If the Act in question fails to accomplish the legislative purpose, the remedy lies with the Legislature and not with the courts.

It is argued in the brief of the respondent that in order to defeat recovery it must be shown that there was a causal connection between the operation of the trailer and the loss sustained. The record does not show that this contention was presented and passed upon in the trial court and it will, therefore, not be considered on appeal. *Carter v. Peace,* 229 S. C. 346, 93 S. E. (2d) 113; *Wright v. City of Florence,* 229 S. C. 419, 93 S. E. (2d) 215.

Reversed and remanded for entry of judgment in favor of the appellant.

TAYLOR, C. J., OXNER and MOSS, JJ., and J. B. NESS, Acting Associate Justice, concur.