20537

Reva BENSON, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

(238 S. E. (2d) 683)

564

*Joseph E. Major of Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,*

*Kenneth C. Porter* and *James H. Lengel,* of Greenville, *for Respondent,*

November 3, 1977.

Ness, Justice.

This is an appeal from a declaratory judgment determining the rights of the parties pursuant to an automobile insurance policy.

Nationwide Mutual Insurance Company, appellant, issued a policy of automobile liability insurance to the operator of the automobile in which the respondent, Reva Benson, was riding. The respondent was injured when this automobile was struck by an unknown motorist.

The sole issue is whether or not an uninsured motorist endorsement in a policy may require a plaintiff to submit to a physical examination as a prerequisite to recovery. The lower court answered this question in the negative, concluding that the provision was inconsistent with Section 56-9-880 of the 1976 Code of Laws. We agree and affirm.

Respondent refused to submit to a physical examination as required by a provision in the Nationwide insurance policy, claiming that the provision was contrary to public policy and/or certain sections of the Motor Vehicle Responsibility Act. Appellant contends that the requirement was a reasonable and valid condition precedent to recovery.

Section 56-9-880 of the 1976 Code of Laws provides:

"[T]he uninsured motorist provision shall not require arbitration of any claim arising thereunder, *nor may anything not otherwise herein provided* for or as may be provided in the form prescribed by the Chief Insurance Commissioner *be required of the insured* except the establishment of legal liability of the uninsured motorist, nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings." (Emphasis added).

The above language specifically states that nothing additional may be required of the insured outside the statutory scheme and the form provided by the Chief Insurance Commissioner. Clearly, it was the legislative intent that in an action involving an uninsured motorist, no additional requirements should be imposed on a plaintiff. This interpretation is consistent with the purpose behind the Uninsured Motorist Act as stated by this Court in *Ferguson v. State Farm Mutual Automobile Insurance Company*, 261 S. C. 96, 198 S. E. (2d) 522 (1973) :

"[I]t was not the purpose of the uninsured motorist endorsement to provide coverage for the uninsured vehicle, its owner or opeartor, but was to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle." 261 S. C. at page 100, 198 S. E. (2d) at page 524.

Appellant relies upon *Hatchett v. Nationwide Mutual Insurance Company*, 244 S. C. 425, 137 S. E. (2d) 608 (1964) to support its position that Section 56-9-880 of the 1976 Code of Laws does not restrict the proof of claim procedure to be followed but only prohibits provisions which would defeat coverage. In *Hatchett* the insured neither filed a proof of claim nor notified the insurer of the accident until the uninsured motorist was already in default. At the time of the incident, the Uninsured Motorist Act did not contain a provision requiring timely service of the summons and complaint upon the insurer, although such a provision was subsequently added by amendment. One of the policy provisions in the uninsured motorist endorsement, however, required a timely proof of claim and timely delivery of a copy of the summons and complaint. This Court noted the strict language of the statute quoted above but concluded that "the legislature never intended by this language to hold an insurance company liable without notice or opportunity to investigate or contest the claim." 244 S. C. at 434, 137 S. E. (2d) at 612. Relying

upon *Hatchett,* the appellant asserts that requiring a plaintiff to submit to a physical examination is merely part of the proof of claim procedure which the parties contracted in reference to, and is not rendered void by the statute. We disagree.

. The provision under scrutiny in *Hatchett* was not inconsistent with the Uninsured Motorist Act which required the insurance company to defend the uninsured motorist. Without fulfillment of the requirement contained in the policy in *Hatchett,* the insurance company could not conduct a defense of the uninsured motorist as it was required to do by statute; indeed, the insurance company would not even be aware of the existence of the suit. The physical examination requirement herein, however, goes not to the insurance company's ability to defend the action, but operates as a limitation on coverage. This Court has consistently struck down provisions which have the effect of limiting the coverage requirements of the statute. *Southern Farm Bureau Casualty Insurance Company v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769; (1964) *Ferguson v. State Farm Mutual Automobile Insurance Company,* supra; *Hogan v. Home Insurance Company,* 260 S. C. 157, 194 S. E. (2d) 890 (1973).

We hold that an uninsured motorist provision of a policy requiring a plaintiff to submit to a physical examination as a condition precedent to recovery is a limitation on coverage rather than a part of the proof of claim procedure. As such, it is contrary to Section 56-9-880 ofthe 1976 Code of Laws.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.