**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Andrew N. DAWKINS, Paul Dawkins, Corrie Dawkins, Wayne G. Lanier, Jerry Kent Lanier, State Farm Mutual Automobile Insurance Company and Nationwide Mutual Insurance Company, Defendants.**

Civ. A. No. 82–1298–14.

United States District Court, D. South Carolina, Spartanburg Division.

Nov. 29, 1982.

James W. Hudgens, Ward, Howell, Barnes, Long, Hudgens & Adams, Spartanburg, S.C., for plaintiff.

Christian D. Padgett, Gaffney, S.C. and H. Spencer King, Spartanburg, S.C., for defendant Jerry Kent Lanier.

Arthur L. Shemwell, P.A., Gaffney, S.C., for defendant Wayne G. Lanier.

Elford H. Morgan, Butler, Means, Evins & Browne, Spartanburg, S.C., for defendant State Farm Mut. Auto. Ins. Co.

Rembert D. Parler, Spartanburg, S.C., for defendant Nationwide Mut. Ins. Co.

Victor S. Sarratt, Gaffney, S.C., for defendants Paul Dawkins and Corrie Dawkins.

Andrew N. Dawkins, pro se.

## ORDER

WILKINS, District Judge.

On the evening of November 11, 1981, an automobile owned by Paul Dawkins struck a moped causing injury to the owner and operator, Jerry Kent Lanier, and to a passenger on the moped, Wayne G. Lanier. The automobile was driven by Andrew N. Dawkins. Prior to this incident Plaintiff had issued an automobile insurance policy to Paul and Corrie Dawkins, parents of Andrew. Andrew had no driver's license and apparently no permission to drive the automobile. Suit was initially brought in state court by Wayne and Jerry Lanier against the Dawkinses. Pennsylvania National was called upon to defend. It refused and brought this action in this Court seeking a declaration that it had no duty to defend the lawsuit on the ground that Andrew was not an insured under its policy and even if he were, its policy specifically excluded coverage for intentional acts. State Farm and Nationwide, purported uninsured motorist insurers of Wayne and Jerry, respectively, were joined for this reason.

Pennsylvania National, State Farm, and Nationwide moved for summary judgment on the issue of whether Andrew was an insured under Pennsylvania National's policy. State Farm and Nationwide also moved for summary judgment asserting that even if Andrew's act of hitting the moped was intentional,[1] Pennsylvania National is still obligated to defend notwithstanding a clause in its policy which excluded coverage for intentional acts.

The insurance policy in question provides in part:

"*Exclusions*

A. We do not provide Liability Coverage for any person:

1. Who intentionally causes bodily injury or property damage.

. . . .

8. Using a vehicle without a reasonable belief that that person is entitled to do so."

## CONCLUSIONS OF LAW

■ Was Andrew an insured under Plaintiff's policy? While it could reasonably be said that Andrew was operating the automobile without a reasonable belief that he was entitled to do so, S.C.Code § 56–9–810 (1981, as amended) clearly places Andrew in the status of an insured. This section provides in part:

"§ 56–9–810. *Definitions.*

As used in this article:

. . . .

(2) The term '*insured*' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise. . . ."

It is undisputed that Andrew is the son of the named insureds and is a resident in the same household. Andrew is an insured under this controlling statute.

The second and primary issue before the Court is whether an automobile insurance carrier may exclude coverage for intentional injuries caused by its insured through the operation of a motor vehicle. Defendants State Farm and Nationwide assert that any clause in an automobile insurance policy which excludes coverage for intentionally tortious acts by an insured contravenes the South Carolina Motor Vehicle Financial Re-

---

1. State Farm and Nationwide first argue that the injuries caused by Andrew were unintentional. The issue of Andrew's intent is a question of fact for a jury which may not be resolved in a motion for summary judgment.

sponsibility Act ("Financial Responsibility Act"), S.C.Code § 56–9–10, *et seq.* (1981, as amended). Consequently, they argue that this Act prohibits an insurer from excluding coverage, even for intentional conduct.

■ The issue of whether intentional acts may be properly excluded under an automobile insurance policy has never been directly addressed by the courts of this state.[2] However, it is well settled that the Financial Responsibility Act does not require that motor vehicle insurance policies provide coverage for "any and all liability, regardless of the circumstances." *Stanley v. Reserve Ins. Co.,* 238 S.C. 533, 121 S.E.2d 10, 13 (1961); *Heaton v. State Farm Mutual Automobile Ins. Co.,* 278 F.Supp. 725 (D.S.C. 1968). Reasonable exclusionary clauses which do not conflict with the plain wording or legislative purpose of the Financial Responsibility Act are permissible. *Heaton v. State Farm Mutual Automobile Ins. Co.,* 278 F.Supp. at 728.

■ The plain wording of the Financial Responsibility Act is not contravened by the exclusion of intentional torts. The Act requires only that *"accidents"* be covered. An "accident" is generally defined as a " 'sudden event or change occurring *without intent or volition....* ' " [Emphasis added.] *Stevenson v. Connecticut General Life Ins. Co.,* 265 S.C. 348, 218 S.E.2d 427, 429 (1975). Nowhere does the Act mandate that intentional torts be covered. Consequently, intentional torts may be excluded in an automobile insurance policy.

Further, the legislative purpose of the Financial Responsibility Act is not substantially frustrated by the exclusion of intentional torts. The policy behind the Act is to afford greater protection to those injured through the operation of motor vehicles in this state. Although the general public may suffer a minor loss of insurance protection through the exclusion of intentional

torts, unquestionably the use of motor vehicles to inflict intentional harm is a relatively rare occurrence. Moreover, this loss of insurance protection must be balanced against the well established public policy prohibiting individuals from insuring themselves against their own intentionally harmful acts. When viewed in this light, certainly the better approach is to allow and recognize such an exclusion.

Consequently, Defendants' motion is denied. This case will be set for jury trial on the issue of whether Andrew's act was intentional.

AND IT IS SO ORDERED.

2. The issue has been addressed in other jurisdictions which have similar Financial Responsibility Acts. For example, while the Court of Appeals of North Carolina, *Nationwide Mut. Ins. Co. v. Knight,* 34 N.C.App. 96, 237 S.E.2d 341 (1977), holds that such an exclusion is void, the Supreme Court of Oregon, *Snyder v. Nelson,* 278 Or. 409, 564 P.2d 681 (1977), holds that this mandatory automobile insurance law was not intended to require coverage for intentionally inflicted personal injuries or property damages. *See generally* 6B Appleman and Appleman, *Insurance Law and Practice* § 4312 (1981).