#### 21909
AMERICAN MUTUAL FIRE INSURANCE COMPANY, Plaintiff-Respondent, v. SOUTHLAND MOTORS, INC., Universal Underwriters Insurance Company, John H. Penton and Christopher W. Smith, Defendants, of whom John H. Penton is Respondent, and Southland Motors, Inc. and Universal Underwriters Insurance Company are Appellants.

(302 S. E. (2d) 854)

*Grimball, Cabaniss, Baughan & Guerard,* Charleston, *for appellants.*

*G. Dan Bowling, Arnold S. Goodstein,* and *Buist, Moore, Smythe & McGee,* Charleston, *for respondents.*

May 2, 1983.

HARWELL, Justice:

This appeal involves automobile insurance. Appellants allege the trial court, sitting without a jury, erred in ruling Appellant Universal Underwriters Insurance Company provided the coverage. We disagree.

In an action at law tried by a judge without a jury, we review the record to determine whether there is any evidence which reasonably supports the factual findings of the judge or whether his findings are controlled by an error of law. *Townes Assoc. Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We conclude there is ample evidence to support the findings of the judge.

On June 14, 1976, Christopher W. Smith, a young Marine private, visited the automobile sales lot of Appellant Southland Motors, Inc. Smith met with one of Southland's salesmen, Mr. Besok, and agreed to purchase a new 1976 MG Midget sports car. He paid a $100 deposit on the car and promised to return the next day with the remainder of the

purchase price, $4,301.80. Mr. Besok obtained the necessary information to complete the forms for transfer of ownership and registration. Southland's customary policy was to deliver the necessary forms directly to the south Carolina Department of Highways and Public Transportation. Smith signed the odometer mileage statement and the Form 406 statement certifying that he owed no personal property taxes. Additionally, he received a military sales tax exemption form to be signed by his commanding officer. Finally, Mr. Besok asked Smith how he intended to insure the vehicle. Smith signed a statement certifying that he had a policy of insurance meeting the requirements of the South Carolina Financial Responsibility Act.

On June 15, 1976, Smith returned to southland with a check for only $4,181.00 and without the completed military exempt form or the necessary insurance information. Smith dealt with another salesman on this occasion, Mr. Loggins, as Mr. Besok was not there. Mr. Loggins testified that Smith said he had left the necessary insurance information at the Charleston Naval Shipyard Credit Union where he obtained financing, but would deliver the information the following day. Smith denied telling Mr. Loggins this. Loggins gave Smith the use of the vehicle even though a balance of $120.80 remained on the purchase price, the military exempt form had not been completed, and the necessary insurance information had not been supplied.

Smith never returned to Southland. On July 11, 1976, while driving the MG Midget, he struck and severely injured John H. Penton, who was standing on the side of the road after having made an emergency stop. The dealer tags remained on the MG although they were valid for a maximum of ten days. Subsequently, Penton recovered a judgment against Smith for $350,000 actual damages. Smith had no insurance.

American Mutual Fire Insurance Company, Penton's insurer, brought this declaratory judgment action to determine whether the garage liability policy issued to Southland by Universal Underwriters Insurance Company provided liability insurance coverage to the MG Midget or whether Smith was an uninsured motorist.

The garage liability policy stated that Universal would pay damages caused by any person while using, with the permis-

sion of Southland, any automobile to which the insurance applies. Respondents submit that Southland retained ownership of the vehicle at the time of the accident, and therefore, Universal's policy covers the damages. Appellants allege that Smith owned the car at the time of the accident. Under appellants' reasoning, Penton's expenses can be collected solely from American Mutual under the $15,000 uninsured clause of the policy. Alternatively, appellants argue that even if Southland retained ownership of the vehicle, Universal's policy would not cover the damages because of an exclusion clause. That clause states that

> None of the following is an insured
> (iii) any person or organization, other than the named insured, with respect to any automobile
>> (b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale. . . .

We agree with the trial court that Southland retained ownership of the MG. Furthermore, we agree that Universal's attempt to exclude coverage contradicts the statutory omnibus clause which mandates the minimum protections to be provided by an insurance policy. Additionally, the clause contradicts other provisions of the policy thus creating an ambiguity which must be resolved in favor of maintaining coverage.

Accordingly, we conclude there is sufficient evidence to support the trial court's findings.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, J.J., concur.