0241

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Respondent, v. George E. PARKER, Co-Administrator of the Estate of Dorothy L. Parker, Deceased; Gayle P. Scruggs, Co-Administrator of the Estate of Dorothy L. Parker, deceased; Felicia Dawn Parker, a minor under the age of 14 years, by and through her Guardian ad Litem, George E. Parker, James Edward Montgomery, Julius Montgomery, Robert D. Gantenbein, State Farm Mutual Auto Insurance Company, Firemen's Insurance Company of Newark, and South Carolina Insurance Company, Defendants, of whom James Edward Montgomery and Firemen's Insurance Company of Newark, George E. Parker, Gayle P. Scruggs and Felicia Dawn Parker, by and through her Guardian ad Litem, George E. Parker, are Appellants. Appeal of James Edward MONTGOMERY.

(320 S. E. (2d) 458)

Court of Appeals

*Gary E. Clary*, of *Hall, Daniel, Winter & Clary*, Gaffney, *Theron G. Cochran* and *David L. Moore, Jr., Love, Thornton, Arnold & Thomason*, Greenville, *for appellants.*

*James W. Hudgens* and *Michael Wilkes, Ward, Howell, Barnes, Long, Hudgens & Adams*, Spartanburg, *for respondent.*

Heard April 16, 1984.

Decided Aug. 28, 1984.

CURETON, Judge:

The Respondent, Pennsylvania National Mutual Casualty Insurance Company, instituted this declaratory judgment action to determine its potential liability to the appellant, James Montgomery, on an automobile insurance policy issued to Julius Montgomery, its insured. Based on a "business use" limitation in the policy, the trial court concluded that the policy afforded no coverage and granted Penn National's motion for summary judgment. We reverse.

The facts upon which this controversy is based center upon an automobile accident which occurred in July, 1980. James Montgomery was driving a pickup truck which he had borrowed from his father, Julius Montgomery, some two to four weeks previously.

At the time of the accident, James, a self-employed roofing contractor, was using the pickup truck to haul roofing shingles to a job site. He was also towing a utility trailer borrowed from Robert Gantenbein loaded with shingles. The trailer came loose from the pickup truck and collided with a vehicle driven by Dorothy Parker in which Felicia Parker was a passenger. Mrs. Parker was killed; Felicia Parker was injured.

The following insurance policies were in effect at the time: (1) Penn National's policy to Julius Montgomery covering the pickup truck; (2) State Farm's policy to James Montgomery covering his vehicles listed on the policy; (3) Firemen's policy to Robert Gantenbein covering the utility trailer; and (4) South Carolina Insurance Company's policy to Dorothy Parker providing uninsured motorist coverage.

Appellants George Parker and Gayle P. Scruggs, administrators of Dorothy Parker's estate, and Felicia Parker, by her guardian ad litem, George Parker, initiated actions against James Montgomery. The four insurance companies were notified of the institution of the suits and each denied coverage.

In this declaratory judgment action, against the Parkers, James and Julius Montgomery, and the three other insurers, Penn National contends James Montgomery's business use of the pickup truck in violation of the terms of the policy vitiated

the policy. The trial court granted summary judgment in favor of Penn National and this appeal followed.

The issue before us, which we find to have been raised in appellant Firemen's Answer (Record at 15), is whether the provision of Penn National's policy limiting coverage to owned vehicles "not used for business or commercial purposes" is void because it contravenes the provisions of the Motor Vehicle Financial Responsibility Act (S. C. Code Ann. Section 56-9-820 (1976)) and the South Carolina Automobile Reparation Reform Act of 1974 (S. C. Code Ann. Section 56-11-10, *et seq.*) (compulsory insurance law).

The evidence reveals that Julius Montgomery purchased a "Family Combination Automobile Policy" covering two personal vehicles, including the pickup, from Penn National in compliance with South Carolina's compulsory insurance requirements. These requirements are part of the Automobile Reparation Reform Act of 1974 and provide in relevant part:

> Section 56-11-190. Every owner of a motor vehicle required to be registered in this State shall maintain the security required by Section 56-11-200 with respect to each such motor vehicle owned by him . . . .
> Section 56-11-200. The security required under this chapter shall be a policy or policies written by insurers authorized to write such policies . . . providing for at least (1) the minimum coverages specified in Article 7 of Chapter 9 . . . .

The minimum coverage specified in Article 7, Chapter 9 is detailed in Section 56-9-820:

> No policy . . . of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued . . . upon any motor vehicle . . . unless it contains a provision *insuring the persons defined as insured, against loss* from the liability imposed by law *for damages arising out of the* ownership, maintenance or *use of such motor vehicles* . . . subject to limits . . . . (emphasis added).

The appellants contend the following provisions of Penn National's policy limit the coverage mandated by statute:

## PART 1—LIABILITY

Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [bodily injury or property damage] arising out of the ownership, maintenance or use of the *owned automobile* ... and the company shall defend any suit alleging such ... damage ... (emphasis added).

Persons Insured—The following are insureds under Part 1: (a) with respect to the *owned automobile,*

. . . .

(2) any other person using such automobile with the permission of the named insured . . . . (emphasis added).

Definitions—Under Part 1:

"owned automobile" means

(a) a private passenger, farm or utility automobile described in this policy . . . .

"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;

"farm automobile" means an automobile of the truck type with a load capacity of fifteen hundred pounds or less *not used for business or commercial purposes* other than farming;

"utility automobile" means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type *not used for business or commercial purposes.* (emphasis added).

Under these provisions, although James Montgomery is defined as an "insured" since he was using the pickup with the permission of Julius Montgomery, no coverage is afforded because at the time of the accident he was using the pickup truck in his business. The appellants assert that this limitation of coverage is impermissible under Section 56-9-820. In essence, they assert that the statute requires that a policy provide coverage without restrictions of any nature for those defined as insured up to the statutory monetary limit.

It is generally conceded that insurers have the right to limit their liability and to impose whatever conditions they desire upon an insured, provided they are not in

contravention of some statutory inhibition or public policy. *Rhame v. National Grange Mutual Insurance Co.*, 238 S. C. 539, 544, 121 S. E. (2d) 94, 96 (1961); *Jordan v. Aetna Casualty & Surety Co.*, 264 S. C. 294, 214 S. E. (2d) 818 (1975); *Couch On Insurance* Section 45:82 (rev. ed. 1981).

Reasonable exclusionary clauses which do not conflict with the legislative expression of the public policy of the State as revealed in the various motor vehicle insurance statutes are permitted. *Pennsylvania National Mutual Casualty Insurance Co. v. Dawkins*, 551 F. Supp. 971, (D.S.C. 1982); *Heaton v. State Farm Mutual Automobile Insurance Co.*, 278 F. Supp. 725 (D.S.C. 1968). Where a statute requires insurance for the benefit of the public, however, the insurer is not permitted to nullify its purposes through engrafting exceptions from liability as to uses which it was the evident purpose of the statute to cover. *Couch On Insurance* Section 45:961 (rev. ed. 1981).

The purpose of the Motor Vehicle Financial Responsibility Act and the Automobile Reparation Reform Act of 1974 is to "afford greater protection to those injured through the negligent operation of automobiles in this State." *Heaton v. State Farm Mutual Automobile Insurance Co., supra; Pennsylvania National Mutual Casualty Insurance Co. v. Dawkins, supra.*

In giving effect to the purpose and policy of the statutes, our Supreme Court "has consistently struck down provisions which have the effect of limiting the coverage requirements of the statute[s]. *Southern Farm Bureau Casualty Insurance Co. v. Fulton*, 244 S. C. 559, 137 S. E. (2d) 769 (1964); *Ferguson v. State Farm Mutual Automobile Insurance Co.*, [261 S. C. 96, 198 S. E. (2d) 522 (1973)]; *Hogan v. Home Insurance Co.*, 260 S. C. 157, 194 S. E. (2d) 890 (1973)." *Benson v. Nationwide Mutual Insurance Co.*, 269 S. C. 563, 567, 238 S. E. (2d) 683, 684 (1977); *see American Mutual Fire Insurance Co. v. Southland Motors, Inc.*, 279 S. C. 101, 302 S. E. (2d) 854 (1983); *Belk v. Nationwide Mutual Insurance Co.*, 271 S. C. 24, 244 S. E. (2d) 744 (1978).

Based on (1) the Supreme Court's policy of strict construction of the motor vehicle insurance statutes, (2) the exclusions recognized in the statutes, and (3) persuasive reasoning from jurisdictions with comparable statutes, we hold that the business use limitation, as applied to the facts before us, contravenes the statutes and is void.

First, a review of the decisions of the Supreme Court construing the statutes in question reveals a policy of strictly construing the statute against the insurer in order to accomplish the purposes underlying the statutes. *Jordan v. Aetna Casualty & Surety Co., supra; Willis v. Fidelity & Casualty Company of New York,* 253 S. C. 91, 169 S. E. (2d) 282 (1969); *American Interinsurance Exchange v. Diamond,* 268 S. C. 35, 231 S. E. (2d) 304 (1977).

*Jordan* is representative of the Court's decisions strictly construing Section 56-9-820. In *Jordan,* the insured was injured while a passenger in her own car which was being operated with her permission. Her policy contained an exclusion denying coverage for the bodily injuries of the named insured. Section 46-750.31, 1962 Code of Laws of South Carolina, defined an "insured" as a permissive user of the insured vehicle.[1] Giving Section 46-750.32, 1962 Code of Laws,[2] a literal and strict interpretation, the Court held that since Section 46-750.32 mandated that the policy insure "the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ... use of such motor vehicles," the insurer was required to insure the permissive user against his liability to the insured. Consequently, the Court found the exclusion void because it conflicted with the statutes then in effect.

In the case before us, it is clear that James Montgomery is an insured according to Section 56-9-810(2).[3] It would follow then, upon the reasoning in *Jordan,* that Section 56-9-820 requires that he be insured against loss from the liability imposed by law upon him as a result of his use of the pickup truck.

Penn National attempts to distinguish the holding of *Jordan* by defining the issue in that case as the validity of a provision excluding a "class" of insured persons while we have at issue here the validity of a provision excluding a "use" of

---

[1] Section 46-750.31 is presently codified as Section 56-9-810(2), Code of Laws of South Carolina, 1976, as amended.

[2] Presently, Section 56-9-820, Code of Laws of South Carolina, 1976, as amended.

[3] Section 56-9-810(2) provides: "The term 'insured' means ... any person who uses with the consent ... of the named insured, the motor vehicle to which the policy applies ...."

the vehicle. Penn National contends that the courts in this State, rather than holding use exclusions void, have specifically found them valid in *Stanley v. Reserve Insurance Co.*, 238 S. C. 533, 121 S. E. (2d) 10 (1961), *American Fire & Casualty Co. v. Surety Indemnity Co.*, 246 S. C. 220, 143 S. E. (2d) 371 (1965), and *Heaton v. State Farm Mutual Automobile Insurance Co., supra.*

In *Stanley*, the plaintiff sought to recover damages from the insured for injuries received when the insured vehicle, towing an uninsured trailer, collided with plaintiff's car. A provision on the insured's policy, which was certified as proof of financial responsibility, excluded liability when the vehicle was towing an uninsured trailer. The plaintiff asserted that the provisions of the Motor Vehicle Safety Responsibility Act, mainly Section 46-750.26.3, Code of Laws of 1952,[4] required that coverage be afforded.

The Court held that Sections 46-750.24, 46-750.26, and 46-750.28 set forth the minimum coverage required by the Act and found that the exclusion contravened none of these provisions. Although Section 46-750.23 of the 1952 Code of Laws was the provision analogous to Section 56-9-820 of the 1976 Code, the Court did not consider it in determining whether the exclusion was invalid. Since then, *Jordan* and *American Interinsurance Exchange v. Diamond, supra,* have clearly established that Section 56-9-820 sets forth the minimum level of coverage required by the Acts. Therefore, we find that *Stanley* is not precedent for the issue before us.

Likewise, *American Fire & Casualty Co. v. Surety Indemnity Co., supra,* is inapposite. The issue there was not the validity of the automobile business exclusion but rather the application of the exclusion to the facts presented. Again, we do not find the case persuasive of the issue here.

Nor does *Heaton v. State Farm Mutual Automobile Insurance Co., supra,* aid in the resolution of the question presented. In *Heaton*, the insured, a parking lot employee, collided with another automobile while driving a customer's

---

[4] Section 46-750.26 provided: "Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

(3) No statement made by the insured or on his behalf and no violation of the policy shall defeat or void the policy."

car. His insurer refused to defend, asserting a policy exclusion for accidents arising out of the operation of an automobile business. The district court held that the exclusion in question did not violate Section 46-750.32, 1962 Code of Laws (now 56-9-820) when applied to the operation of a non-owned vehicle.

In the case *sub judice*, Penn National proposes to apply the exclusion to an owned vehicle. Section 56-9-820 clearly states that the minimum coverage requirements apply to the vehicle described in the policy. In addition, in *Willis v. Fidelity & Casualty Company of New York, supra*, the court construed Section 56-9-820 to apply to owned vehicles only. The court in *Heaton* correctly held that an insurer should not be required to provide coverage for a vehicle not described in the policy — in other words, a non-owned vehicle.

A strict construction of Section 56-9-820 establishes that on the facts of this case, James Montgomery is an insured under the policy issued by Penn National. As such, Penn National's statutory obligation to him is to insure him "against loss from the liability imposed by law" for the Parkers' damages arising out of his use of the insured pickup. We see no meaningful distinction between a class exclusion and a use exclusion in terms of the purposes underlying Section 56-9-820.

Second, we find support for our holding in Sections 56-9-20(7)(c) and 56-9-900 of the Financial Responsibility Act.[5] These sections list certain exemptions which may properly be included in an automobile liability policy. A business use or other use exclusion is not included. A well-established rule of statutory construction is "expressio unius est exclusio alterius," which means that the enumeration of particular things excludes the idea of something else not mentioned. *Little v. Town of Conway*, 171 S. C. 27, 171 S. E. 447

---

[5] Code Section 56-9-20(7)(c) provides:

The motor vehicle liability policy need not insure any liability under the Workmen's Compensation Law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle, nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.

Code Section 56-9-900 repeats the exclusions specified in Section 56-9-20(7)(c).

(1933). Under the rule, exceptions made in a statute give rise to a strong inference that no other exceptions were intended. *Allstate Insurance Co. v. Wyoming Insurance Department,* 672 P. (2d) 810 (Wyo. 1983).

The prohibitory language of Section 56-9-820, "No policy . . . shall be issued . . . unless it contains a provision insuring against loss . . . for damages arising out of the . . . use of such motor vehicle," coupled with the permissible exclusions specified in Section 56-9-20(7)(c) and reiterated in Section 56-9-900, strongly expresses a legislative design that no other exclusions be sanctioned.

The third basis upon which we decide that the business use exclusion contravenes the Acts is the persuasive reasoning of a growing number of jurisdictions which have held under like statutory provisions that similar policy exclusions conflict with their statutes and are void. *Dewitt v. Young,* 229 Kan. 474, 625 P. (2d) 478 (1981) (automobile business exclusion); *Exchange Casualty & Surety Co. v. Scott,* 56 Cal. (2d) 613, 15 Cal. Rptr. 897, 364 P. (2d) 833 (1961) (automobile. business exclusion); *Universal Underwriters Insurance Co. v. American Motorists Insurance Co.,* 541 F. Supp. 755 (N.D. Miss. 1982) (automobile business exclusion); *Nationwide Mutual Insurance Co. v. Aetna Life & Casualty Co.,* 283 N.C. 87, 194 S. E. (2d) 834 (1973) (automobile business exclusion); *Allstate Insurance Co. v. United States Fidelity & Guaranty Co.,* 619 P. (2d) 329 (Utah 1980) (named driver exclusion), *Mutual of Enumclaw Insurance Co. v. Wiscomb,* 25 Wash. App. 841, 611 P. (2d) 1304 (1980), *aff'd,* 97 Wash. (2d) 203, 643 P. (2d) 441 (1982) (family/household exclusion); *Selected Risks Insurance Co. v. Nationwide Mutual Insurance Co.,* 133 N.J. Super. 205, 336 A. (2d) 24 (1975) (automobile business exclusion); *Hartford Accident & Indemnity Co. v. Travelers Insurance Co.,* 167 N.J. Super 335, 400 A. (2d) 862 (1979) (automobile business exclusion).

These courts uniformly state that *any* exclusion which would defeat the minimum required security against tort liability insurance provisions is void. *Estate of Neal v. Farmers Insurance Exchange,* 93 Nev. 348, 566 P. (2d) 81 (1977). Since we have been given no compelling distinctions between the statutory provisions and policy exclusions construed by these courts, and our own statutes and the exclusion before us,

we find that the business use exclusion defeats the minimum coverage required by Section 56-9-820 and is therefore void.

We note in conclusion that had Julius Montgomery been driving the pickup truck and carrying roofing shingles for his personal use when an accident occurred, Penn National's policy would have provided coverage. It is only because James Montgomery was engaged in the roofing business that Penn National asserts the exclusion. It matters little to the injured plaintiffs that by some fortuitous happenstance, they are injured on the day the insured vehicle is driven by one whose occupation vitiates coverage.

Accordingly, for the reasons herein given, we hold that an automobile liability insurance policy containing a business use limitation or exclusion, offered for security under the compulsory insurance statute, is void to the extent of the minimum coverage contemplated by Section 56-9-820, Code of Laws of South Carolina, 1976, since the exclusion contravenes the provisions of the Motor Vehicle Financial Responsibility Act and the Automobile Reparation Reform Act of 1974. The judgment of the circuit court granting Penn National's motion for summary judgment is hereby

Reversed.

SANDERS, C. J., and SHAW, J., concur.