0268

FARMLAND MUTUAL INSURANCE COMPANY, Respondent, v. JIM MOORE CADILLAC-OLDSMOBILE, INC.; Leonard S. Springs, Aetna Casualty & Surety Company; Ronnie Wilson; James Blandin, d/b/a Blandon's Cleanup Shop; Eugene E. Eshelman and June Eshelman, Defendants, of whom Aetna Casualty & Surety Company is Appellant. Appeal of AETNA CASUALTY & SURETY COMPANY.

(320 S. E. (2d) 719)

Court of Appeals

*Carroll H. Roe, Jr.*, of *Love, Thornton, Arnold & Thomason*, Greenville, *for appellant.*

*Ellis M. Johnston, III,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard June 21, 1984.

Decided Sept. 14, 1984.

CURETON, Judge:

This appeal presents the question whether the South Carolina Motor Vehicle Financial Responsibility Act (S. C. Code Ann. Section 56-9-10 *et seq.* (1976) ) permits the exclusion of liability insurance coverage to a permissive user of the insured automobile when the user is employed in the automobile business at the time of the accident. The circuit court held that such an exclusion violated the statute. We affirm.

The stipulated facts reveal the following. Eugene Eshelman and his wife sued Ronnie Wilson for damages for their personal injuries and property loss arising out of an automobile accident involving Eshelman and Wilson. At the time of the collision, Wilson was driving a car owned by Jim Moore Cadillac-Oldsmobile and leased to Leonard Springs. Wilson, an employee of an automobile cleaning and maintenance business, was driving the car with the permission of Springs and within the scope of his employment. Wilson's employer had no liability insurance. .

Farmland Mutual Insurance Company, Eshelman's insurer, instituted this action to determine whether the liability policy issued by Aetna Casualty & Surety Company to Springs with Jim Moore Cadillac-Oldsmobile as an additional insured provided coverage to Wilson. The circuit court held that the policy covered Wilson and ordered Aetna to defend the action. Aetna appealed.

The family automobile liability policy issued by Aetna to Springs contained an exclusion which Aetna asserts in bar of coverage. The exclusion provides: "This policy does apply under the liability coverage ... to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business." The parties stipulated that Wilson was employed in "the automobile business." Aetna argues that the exclusion is valid and relies on several cases including *Stanley v. Reserve Insurance Co.,* 238 S. C. 533, 121 S. E. (2d) 10 (1961), *American Fire & Casualty Co. v.*

*Surety Indemnity Co.*, 246 S. C. 220, 143 S. E. (2d) 371 (1965), and *Heaton v. State Farm Mutual Automobile Insurance Co.*, 278 F. Supp. 725 (D.S.C. 1968).

Recently, we had occasion to discuss each of these cases in *Pennsylvania National Mutual Casualty Co. v. Parker*, 320 S. E. (2d) 458 (S. C. App. 1984). For reasons more fully addressed in *Pennsylvania National* we find each of the cases distinguishable from this case, either on the facts presented or the issues raised.

It seems clear to us that the exclusion asserted by Aetna conflicts with Section 56-9-820 of the South Carolina Code of Laws of 1976[1] because it fails to insure against Wilson's losses although he is an "insured" pursuant to Section 56-9-810(2).[2] Aetna's attempt to exclude coverage to those engaged in the automobile business is an impermissible attempt to re-define the term "insured" to narrow the coverage required by the statute. *American Mutual Fire Insurance Co. v. Southland Motors, Inc.*, 279 S. C. 101, 302 S. E. (2d) 854 (1983); *Jordan v. Aetna Casualty & Surety Co.*, 264 S. C. 294, 214 S. E. (2d) 818 (1975); *Pennsylvania National Mutual Casualty Insurance Co. v. Parker, supra.*

We hold that the exclusion asserted by Aetna is void and therefore, the order of the circuit court that Aetna provide coverage is

Affirmed.

SHAW and BELL, JJ., concur.

---

[1] Section 56-9-820 provides:

> No policy ... of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued ... upon any motor vehicle ... unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles ... subject to limits....

[2] Section 56-9-810(2) defines an "insured" as "any person who uses with the consent, expressed or implied, of the name insured, the motor vehicle to which the policy applies...."