23319

AMERICAN MUTUAL FIRE INSURANCE COMPANY OF CHARLESTON, INC. and State Automobile Insurance Company, of whom American Mutual Fire Insurance Company of Charleston, Inc., is Respondent v. AETNA CASUALTY & SURETY COMPANY, Appellant.

(400 S.E. (2d) 147)

Supreme Court

*Robert P. Foster,* of *Foster, Gaddy, Foster & Fortson,* Greenville, *for respondent American Mut. Fire Ins. Co.*

*N. Heyward Clarkson, Jr.,* and *C. Stuart Mauney,* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for appellant.*

Heard Nov. 15, 1990.

Decided Jan. 21, 1991.

GREGORY, Chief Justice:

This appeal is from an order granting respondent judgment on the pleadings. We affirm.

Appellant (Aetna) issued an automobile insurance policy to Fairway Ford which was in effect during October 1987. On October 31, 1987, Joe Woodward was a permissive user of a vehicle owned by Fairway Ford when he collided with another vehicle injuring two others. Respondent (American Mutual) was the automobile insurance carrier for Joe Woodward's employer, Woodward's Used Cars and Cleanup Shop.

At the time of the accident, Joe Woodward was acting within the scope of his employment.

American Mutual commenced this action seeking to have Aetna declared the primary insurer for Joe Woodward and Woodward's Used Cars and Cleanup Shop. Aetna defended on the ground its policy with Fairway Ford excluded liability coverage for an individual using a covered vehicle "while working in the business of servicing automobiles." American Mutual moved for judgment on the pleadings alleging the exclusion was invalid. This motion was granted and Aetna appeals.

In *Farmland Mutual Insurance Co. v. Jim Moore Cadillac-Oldsmobile, Inc.,* 283 S.C. 33, 320 S.E. (2d) 719 (Ct. App. 1984), the Court of Appeals held the same exclusion at issue here was invalid because it contravened S.C. Code Ann. §§ 56-9-820 and -810(2) (1976), now codified at §§ 38-77-140 and -30(6) (1989) respectively. Section 38-77-140 provides no liability insurance policy shall be issued "unless it contains a provision insuring the persons defined as insured." Section 38-77-30(6) defines "insured" to include "any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies." The Court of Appeals concluded the exclusion invalidly attempted to avoid liability coverage for the permissive user of a covered vehicle defined by the statute as an insured.

Further, in its earlier decision on this issue, *Pennsylvania National Mutual Casualty Insurance Co. v. Parker,* 282 S.C. 546, 320 S.E. (2d) 458 (Ct. App. 1984), the Court of Appeals noted that certain statutes provide specific exemptions which may be properly included in an automobile liability policy, thus giving rise to a strong inference that no other exceptions were intended. *See e.g.,* S.C. Code Ann. §§ 38-77-220 (1989) and 56-9-20(7)(c) (Supp. 1989) (policy need not insure liability for injury to employee engaged in operation, maintenance, or repair of covered vehicle).

We adopt the reasoning of *Farmland* and *Pennsylvania National* which is consistent with prior decisions of this Court. *See American Mutual Fire Insurance Co. v. Southland Motors, Inc.,* 279 S.C. 101, 302 S.E. (2d) 854 (1983); *Jordan v. Aetna Casualty & Surety Co.,* 264 S.C. 294, 214 S.E. (2d) 818 (1975). To the extent *Stanley v. Reserve Insurance Co.,* 238 S.C. 533, 121 S.E. (2d) 10 (1961), and *American Fire*

*& Casualty Co. v. Surety Indemnity Co.*, 246 S.C. 220, 143 S.E. (2d) 371 (1965), are inconsistent with this opinion, they are overruled. The judgment of the circuit court is

Affirmed.

HARWELL, FINNEY and TOAL, JJ., and LITTLEJOHN, Acting J., concur.