20344

AMERICAN INTERINSURANCE EXCHANGE. Respondent, v. Daniel DIAMOND et al., Respondent, and Margaret Taylor, Appellant.

(231 S. E. (2d) 304)

*Kenneth M. Suggs, Esq.*, of Columbia, *for Appellant,*

*Messrs. P. Michael Duffy,* Charleston, *for Respondent, American Interinsurance Exchange,* and *Jackson L. Barwick, Jr., of Columbia, for Respondent, Gulf Insurance Company,*

January 11, 1977.

Ness, Justice:

This is a declaratory judgment action determining the respective rights and obligations of the parties under two automobile liability insurance policies.

Daniel Diamond was involved in an automobile accident while driving a car owned by Margaret Taylor. Diamond had a non-owner's liability policy issued by American Interinsurance Exchange and Taylor was insured by Gulf Insurance Company. Both policies provided for liability coverage only; that is, neither contract contained collision coverage provisions. Taylor filed suit against Diamond alleging that his negligence was the proximate cause of her property damages. The trial court held that neither policy provided coverage for the property damage to Taylor's vehicle. We affirm in part, reverse in part, and remand.

At oral arguments appellant conceded that Gulf Insurance Company was not liable for the property damage pursuant to its insurance contract. Hence, we only consider the contested liability of American Interinsurance Exchange.

Appellant does not assert that she is entitled to coverage pursuant to the terms of the non-owners policy. The gravamen of her argument is that such coverage is statutorily mandated and therefore incorporated by law as a part of the policy in question. *Boyd v. State Farm Mutual Automobile Insurance Company,* 260 S. C. 316, 195 S. E. (2d) 706 (1973). The single issue before this Court is the interpretation of Section 46-750.32 which provides in part:

"No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State . . . unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles . . . subject to limits . . . as follows: fifteen thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars because of injury to or destruction of property of others in any one accident." (1975 Cumulative Supplement).

We recently construed this statute to require a liability policy to encompass the named insured's bodily injuries which resulted from the negligence of a permissive user of the described vehicle. *Jordan v. Aetna Casualty & Surety Company,* 264 S. C. 294, 214 S. E. (2d) 818 (1975). The decision was couched on the statutory language mandating bodily injury coverage for "any person."

We are now confronted with the scope of property damage coverage contemplated by the statute. Unlike the bodily injury protection, property damage is limited to "property of others." The clause inescapably refers to property of individuals other than the insured. It therefore follows that appellant's recovery for her property loss depends upon whether she is a defined insured under Diamond's liability policy. The term "insured" is defined in Section 46-750.31(2):

"The term 'insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise . . ." (1975 Cumulative Supplement).

The definitional section (§ 46-750.31) applies to the liability (§ 46-750.32) as well as the uninsured motorist coverage (§ 46-750.33). *Hogan v. Home Insurance Company,* 260 S. C. 157, 194 S. E. (2d) 890 (1973). The trial court found no liability pursuant to the policy exclusions because Taylor was a member of Diamond's household and Diamond was "in charge" of the vehicle. However, the terms of the statute are conjunctive: a member of the named insured's household must also be a spouse or a relative to constitute a defined insured. *Hogan v. Home Insurance Company, supra; Southern Farm Bureau Casualty Insurance Company v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769 (1964). A policy exclusion which attempts to restrict liability coverage beyond statutory dictates is invalid to the extent that it contravenes the legislative provisions. *Jordan v. Aetna Casualty & Surety Company, supra; Boyd v. State Farm Mutual Automobile Insurance Company, supra.* There is no factual finding that Taylor was either a spouse or relative of Daniel Diamond.

Dispositive factual issues may be determined in declaratory judgment actions. *Guimarin & Doan, Inc. v. Georgetown Textile & Manufacturing Company, Inc.,* 249 S. C. 561, 155 S. E. (2d) 618 (1967). We therefore affirm the judgment of the trial court finding no liability on the part of Gulf Insurance Company. However, we reverse as to American Interinsurance Exchange and remand for a determination as to whether Taylor is a defined insured under the policy issued to Diamond.

Affirmed in part, reversed in part, and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.