23013

FRANK B. HALL & CO., INC., OF CALIFORNIA, Appellant v. VIC BAILEY LINCOLN-MERCURY, INC., and V. C. Bailey, Jr., Respondents.

(379 S. E. (2d) 892)

Supreme Court

*Wesley M. Walker, Jack H. Tedards, Jr.*, and *Samuel W. Outten*, all of *Leatherwood, Walker, Todd & Mann*, Greenville, *for appellant.*

*Judson K. Chapin, III*, and *Lawrence E. Flynn, Jr.*, both of *Perrin, Perrin, Mann & Patterson*, Spartanburg, *for respondents.*

Heard March 21, 1989.

Decided May 15, 1989.

*Per Curiam:*

This appeal involves a subrogation action commenced by Frank B. Hall & Co., Inc., of California (appellant-insurer) against Vic Bailey Lincoln-Mercury, Inc., and V. C. Bailey (respondents-insureds). The trial court directed a verdict for the insureds at the close of the insurer's case. We reverse and remand for a new trial.

The parties had an insurance contract covering a building and contents owned by the insureds with a stated value of $30,000 on the building and $7,000 on the contents. While repairs were being performed on the building, it was destroyed by fire during the term of this contract.

The insureds filed a claim for the stated value of the building and contents, executed a proof of loss and a loan receipt. The insurer paid the full amount of the stated value.

Subsequently the insureds filed an action against the third parties responsible for the fire loss. A compromise settlement was reached whereby the insureds received $135,000 from the third party tortfeasors. In connection with the settlement, the insureds executed a complete release of all claims in favor of the third party tortfeasors. The question of whether the insurer had notice of this action and an opportunity to participate is controverted by the briefs of the parties, and the record before this court does not resolve these issues.

When the insurer became aware of the settlement between the insureds and the third party tortfeasors, it demanded return of the claim it paid to the insureds. The insurer's demand was based upon terms contained in the insurance contract, the loan receipt and under the common law principle of subrogation.

Upon the insureds' refusal to refund the claim payment, the insurer commenced suit against the insureds. During presentation of its case, the insurer submitted by stipulation and documents evidence of the following:

A. Terms of the policy
B. Stated value of the property
C. Destruction of the property by fire
D. Payment by insurer to insureds
E. Execution of the loan receipt by the insureds and terms of the loan receipt
F. The third party litigation by the insureds
G. The settlement of the litigation for $135,000
H. Release of third party tortfeasors

At the conclusion of the insurer's case, the trial court directed a verdict in favor of the insureds, ruling that the

insurer failed to prove the total amount of the actual loss and the insureds' cost of collection from the third party tortfeasors. The insurer appeals the trial court's ruling.

A directed verdict is properly granted where there is a lack of proof supporting a material element of an asserted cause of action. *Williams v. Metropolitan Life Ins. Co.*, 202 S. C. 384, 25 S. E. (2d) 243 (1943). We do not find, nor has our attention been directed to, any cases in which this Court has held that the party seeking subrogation has the burden of proving the insured's total losses and expenses incurred in effecting a third party recovery. We decline to adopt such a rule, particularly under the state of the record and the facts in this controversy.

> Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties.

*Calvert Fire Insurance Co. v. James*, 236 S. C. 431, 435, 114 S. E. (2d) 832, 834 (1960).

As stated by the trial court and agreed to by the parties, the insurance contract provisions and supporting documents do not create the right of subrogation. They merely provide the vehicle for the enforcement of that right.

When an insurer pays its insured for a loss resulting from the tortious conduct of a third party, the insurer is subrogated to the rights of its insured against the third party. *Powers v. Calvert Fire Ins. Co.*, 216 S. C. 309, 57 S. E. (2d) 638 (1950); *Calvert Fire Insurance Co. v. James*, *supra*.

A summary of the evidence presented by the insurer establishes a prima facie case. The insureds were then required to present evidence to support their assertion that the insurer had no right to recover.

Accordingly, we reverse the decision of the trial court and remand for a new trial.