23994

FRITZ-PONTIAC-CADILLAC-BUICK, Appellant v. Larry A. GOFORTH, Respondent v. AMERICAN MUTUAL FIRE INSURANCE COMPANY and Universal Underwriters Insurance Company, of which American Mutual Fire Insurance Company, is a Respondent, and Universal Underwriters Insurance Company, is an Appellant.

(440 S.E. (2d) 367)

Supreme Court

*Bradford N. Martin* and *Susan A. Fretwell*, both of *Leatherwood, Walker, Todd, and Mann*, Greenville, and *Paul A. Dominick* and *David B. Summer, Jr.* both of *Nexsen, Pruett, Jacobs, and Pollard*, Columbia, *for appellant.*

*Timothy G. Quinn* of *Quinn, Boyle, and Greenberg* and *Thomas F. Dougall* of *Bowers, Orr, and Robertson,* Columbia, *for respondents.*

Heard Nov. 17, 1993.

Decided Jan. 17, 1994.

HARWELL, Chief Justice:

This a declaratory judgment action. Universal Underwriters Insurance Company (Universal) contends that the trial judge erred in ruling that Larry A. Goforth (Goforth) was an insured under a policy Universal issued to Fritz-Pontiac-Cadillac-Buick's (Fritz). We agree and reverse.

## I. *Facts*

On October 30, 1989, Fritz allowed Goforth to take a Cadillac Allante for an overnight test drive. While driving home, Goforth lost control of the Cadillac and ran off the road, causing extensive damage to the car. Pursuant to a collision and liability policy, Universal paid Fritz for the damage to the Cadillac.

Thereafter, Fritz brought this action against Goforth to recover for the damage to the Cadillac. Goforth filed a third party complaint against Universal, claiming that he was an insured under the policy Universal issued to Fritz and, therefore, Universal had a duty to defend and indemnify him against Fritz's claims. A declaratory judgment action was held to resolve the coverage issues raised by Goforth's third party complaint. The trial judge held that Goforth was an insured under Universal's policy because S.C. Code Ann. § 38-77-140 (1989) required insurers to cover permissive drivers. Additionally, the trial judge ruled that because Goforth was an insured, Universal had a duty to defend Goforth and could not be subrogated to Fritz's claim against Goforth. Fritz and Universal (Appellants) appealed.

## II. *Discussion*

Appellants contend that the trial judge erred in holding that Goforth was an insured under Fritz's policy. We agree.

The preamble to the Unicover® insurance policy Universal issued to Fritz provides:

> This entire document constitutes a multiple coverage insurance policy. Unless stated otherwise in a Coverage Part, each Coverage Part is made up of its provisions, plus those of the State Amendatory Part (if any), the General Conditions, and that portion of the declarations referring to the Coverage Part, including all endorsements made applicable to that Coverage Part. *Each Coverage Part so constituted becomes a separate contract of insurance.* [Emphasis added.]

The General Conditions portion of the policy states:

> "INSURED" means any person or organization qualifying as an INSURED in the WHO IS AN INSURED provision of the Coverage Part. Except with respect to the limit of liability, the insurance afforded applies separately to each INSURED.

The remainder of Universal's Unicover® policy is arranged into distinct parts that provide separate coverage for auto physical damage, property damage and loss, loss due to crime, garage operations, basic auto insurance, general liability, and excess liability. Only two of these Coverage Parts are relevant to this appeal.

Coverage Part 900, which provides basic auto insurance, contains the following provisions:

> WHO IS AN INSURED—With respect to this Coverage Part:
> (2) under Insuring Agreements A and B ...
> (b) any other person using an OWNED AUTO ... within the scope of YOUR permission. ...
> INSURING AGREEMENTS—We will pay:
> A. INJURY—all sums the INSURED legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies, caused by an OCCURRENCE arising out of the ownership, maintenance, use, loading or unloading of an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO. ...

C. PHYSICAL DAMAGE—for LOSS to an OWNED AUTO from any cause, except as excluded or as stated otherwise in the declarations. . . .

EXCLUSIONS—This insurance does not apply to . . .

(e) under Insuring Agreement A, INJURY to property owned by, rented to, being transported by, or in the care, custody or control of the INSURED. This exclusion does not apply to a residence or private garage . . .

NO BENEFIT TO BAILEE—This insurance will not benefit, directly or indirectly, any carrier or bailee.

Coverage Part 300, which provides coverage for auto physical damage, contains the following provisions:

INSURING AGREEMENT—WE will pay for LOSS of or to a COVERED AUTO from any cause, except as excluded or as stated otherwise in the declarations. . . .

EXCLUSIONS—WE will not pay for LOSS . . .

(o) to a COVERED AUTO that is or becomes subject to a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not described or specifically declared in this Coverage Part. . . .

NO BENEFIT TO BAILEE—This insurance will not benefit, directly or indirectly, any carrier or bailee.

Insurance policies are subject to general rules of contract construction. *Sloan Constr. Co. v. Central Nat'l Ins. Co.*, 269 S.C. 183, 236 S.E. (2d) 818 (1977). We must enforce, not write, contracts of insurance and we must give policy language its plain, ordinary, and popular meaning. We should not torture the meaning of policy language to extend or defeat coverage that was never intended by the parties. *Torrington Co. v. Aetna Casualty and Surety Co.*, 264 S.C. 636, 216 S.E. (2d) 547 (1975).

Although Goforth is an insured for purposes of liability coverage under Part 900, exclusion (e) specifically excludes coverage for injury to property in the care, custody, or control of the insured. Further, the relationship between Goforth and Fritz was that of a bailor and bailee. *Eberhardt v. Forrester*, 241 S.C. 399, 128 S.E. (2d) 687 (1962); *Wilcox v. Glover Motors*,

*Inc.*, 269 N.C. 473, 153 S.E. (2d) 76 (1967) (when the dealer permits a prospective purchaser of an automobile to test drive the car, the relationship between the dealer and the prospective purchaser is that of bailor and bailee). Part 900 specifically states that insurance coverage in that section of the policy provides no benefit to a bailee. Therefore, Goforth is not covered by Part 900 for damages to Fritz's auto.

Coverage Part 300 does not include a definition of insured. Looking solely at the language of Coverage Part 300, we find that this coverage applies to covered property rather than to the action of a particular individual who could be characterized as an "insured." *See Western Motor Co. v. Koehn*, 242 Kan. 402, 407, 748 P. (2d) 851, 855 (1988). Additionally, Coverage Part 300 also provides that bailees are not intended to benefit from the coverage. *Id.* Therefore, Goforth is not covered under Coverage Part 300.

Because Goforth is not covered under the plain terms of this policy, we find that the trial judge erred in holding that Universal may not be subrogated to Fritz's claim for damages. *See Frank B. Hall & Co. v. Vic Bailey Lincoln-Mercury, Inc.*, 298 S.C. 282, 379 S.E. (2d) 892 (1989) (when insurer pays its insured for a loss resulting from the tortious conduct of a third party, the insurer is subrogated to the rights of its insured against the third party); 10A GEORGE J. COUCH ET AL., COUCH ON INSURANCE § 42.223 (2d ed. 1982) (person to whom the insured under an automobile collision policy loans the automobile is not an insured with respect to collision insurance and the collision insurer can maintain a subrogation action against such person for collision loss).

Appellants also contend that the trial judge erred in ruling that section 38-77-140 requires an insurer to provide coverage for property damage to the named insured's car. We agree.

Section 38-77-140 provides:

> No automobile insurance policy may be issued or delivered in this State to the owner of a motor vehicle or may be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured against loss from

the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles within the United States or Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: fifteen thousand dollars because of bodily injury to one person in any one accident, and subject to the limit for one person, thirty thousand dollars because of bodily injury to two or more persons in any one accident, and five thousand dollars because of injury to or destruction of *property of others* in any one accident. . . . [Emphasis added.]

The clause "property of others" inescapably refers to property of individuals other than the insured. *American Interinsurance Exchange v. Diamond*, 268 S.C. 35, 231 S.E. (2d) 304 (1977). Because the car Goforth damaged was the property of Fritz, the insured, and the statute does not require coverage for property of the insured, we find that the trial judge erred in ruling that section 38-77-140 mandated such coverage.

Our holding renders it unnecessary to address Appellants' remaining exceptions. For the foregoing reasons, the trial judge's ruling is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.