36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dan RIVER, Incorporated, Plaintiff-Appellee,
v.
PYA/MONARCH, INCORPORATED, Defendant-Appellant.
 No. 93-2094.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: September 20, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-92-3331-6-3)
 Larry D. Estridge, Wyche, Burgess, Freeman & Parham, P.A., Greenville, South Carolina, for Appellant.
 N. Heyward Clarkson, III, Gibbes & Clarkson, P.A., Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 PYA/Monarch, Inc. ("PYA") appeals from the district court's order awarding to Dan River, Inc. ("Dan River"), attorneys' fees and expenses incurred in the prosecution of its breach of contract action against PYA. We find that the parties' sublease provided for recovery of such costs; consequently, we affirm.
 
 
 2
 In this diversity action, Dan River, the landlord, sued PYA, the tenant, for breach of a sublease agreement. After the jury verdict in its favor, Dan River moved for taxation of costs, attorneys' fees, and expenses pursuant to 28 U.S.C.A. Sec. 1920 (West 1994). Although attorneys' fees are not recoverable in South Carolina unless specifically provided for under a contract or statute, Brendle's Stores, Inc. v. OTR, 978 F.2d 150, 158 (4th Cir.1992); Hegler v. Gulf Ins. Co., 243 S.E.2d 443, 444 (S.C.1978), Dan River based this claim on the following provision in the sublease agreement:
 
 
 3
 Tenant agrees to indemnify and save Landlord harmless, ... against any and all claims, demands, damages, costs and expenses, including reasonable attorney's fees for the defense thereof arising from the conduct or management of the business conducted by Tenant in the Leased Premises or from any breach or default on the part of Tenant in the performance of any covenant or agreement on the part of Tenant to be performed pursuant to the Terms of this Sublease, or from any act or negligence of Tenant, its agents, contractors, servants, employees, sub-lessees, concessionaires, or licensees, in or about the Demised Premises subject of Paragraph 7. In case of any action or proceeding brought against Landlord by reason of any such claim, upon notice from Landlord, Tenant covenants to defend such action or proceedings by counsel reasonably satisfactory to Landlord.
 
 
 4
 PYA contended that this provision provided for recovery of attorneys' fees only in the defense of an action brought by a third party and not in this case where Dan River sued PYA.
 
 
 5
 The district court awarded attorneys' fees and expenses to Dan River, finding that the language of the provision was "clear and unambiguous" and provided for payment of Dan River's attorneys' fees and expenses in this case. PYA appeals from the supplemental judgment awarding attorneys' fees and expenses.
 
 
 6
 PYA contends that the provision allows the recovery of attorneys' fees only "for the defense" of a suit brought against Dan River in its capacity as landlord. Relying on Brendle's, PYA argues that the disputed clause does not cover suits between the landlord and the tenant. In Brendle's, this Court reversed the award of attorneys' fees to the landlord in defending a suit brought by the tenant. The relevant clause in Brendle's provided:
 
 
 7
 Tenant ... agrees to assume legal liability for, indemnify and hold free and harmless Landlord, ... from any and all loss, damages, liability, cost or expenses (including, but not limited to, attorneys' fees, reasonable investigative and discovery costs and court costs) and all other sums which Landlord ... may reasonably pay or become obligated to pay on account of any, all and every demand, claims, assertion of liability or action arising or alleged to have arisen out of any act or omission of Tenant ... may by any person, group or organization, whether employed by either of the parties hereto or otherwise.
 
 
 8
 Brendle's, 978 F.2d at 158. We found that the provision in Brendle's did not evince an intent to cover suits between the parties; rather, it "reache[d] suits brought against [the landlord] by third parties arising out of acts of Brendle's, not suits brought by Brendle's." Id.; see Tony Guiffre Distrib. Co. v. Washington Metro. Area Transit Auth., 740 F.2d 295, 298 (4th Cir.1984).
 
 
 9
 The provision in the sublease agreement between Dan River and PYA differs from the provision in Brendle's. In this provision, PYA agrees to hold Dan River harmless from and against any and all claims, costs, and expenses, arising from any breach by PYA of any part of the sublease. Unlike the provision in Brendle's, the disputed paragraph in the sublease agreement does not limit its application to claims brought by third parties.
 
 
 10
 PYA argues that if the provision were intended to cover payment of attorneys' fees in lawsuits between the parties, it would not have been entitled "Indemnification." The title of a provision is not determinative of meaning. See Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 528-29 (1947); Garner v. Houck, 435 S.E.2d 847, 849 (S.C.1993). Moreover, giving credence to the provision's title does not support PYA's argument. The term "indemnification" includes an agreement to hold another harmless from the legal consequences of an act of one of the parties to the agreement. Black's Law Dictionary 769 (6th ed.1990) (definitions of "indemnity" and "indemnify"); Black's Law Dictionary 692 (5th ed.1979). There is no requirement that the action be brought by a third person. We find that the title of the paragraph does not limit its application to actions brought by a third party against Dan River.
 
 
 11
 PYA further argues that attorneys' fees are recoverable only "for the defense" of claims; whereas in this case, Dan River was prosecuting--rather than defending--an action. PYA asserts that a reading of the entire provision reveals that the parties did not intend that attorney's fees be recoverable in a lawsuit by the landlord against the tenant.
 
 
 12
 Language in a contract must be given its plain, ordinary, and popular meaning. Fritz-Pontiac-Cadillac-Buick v. Goforth, 440 S.E.2d 367, 369 (S.C.1994); United Dominion Realty Trust, Inc. v. WalMart Stores, Inc., 413 S.E.2d 866, 868 (S.C. Ct.App.1992). While the language used in the disputed paragraph could be clearer, it provides that PYA will reimburse Dan River for any and all claims, costs, and expenses arising from any breach by PYA of any part of the sublease. The sublease stated that expenses recoverable included attorneys' fees for the defense of claims. This language does not suggest that the parties intended to limit recovery of attorneys' fees to the defense of third party claims.
 
 
 13
 An interpretation of the provision to limit recovery of attorneys' fees to actions by third parties would require an interpretation of the words "any breach or default on the part of Tenant in the performance of any covenant or agreement" to exclude the covenant to pay rent. The broad language used in this phrase does not speak of an intent by the parties to exclude such a breach from Tenant's agreement to indemnify and hold Dan River harmless "against any and all claims." See Georgetown Mfg. & Warehouse Co. v. South Carolina Dept. of Agric., 392 S.E.2d 801, 804 (S.C. Ct.App.1990). Had the parties intended that attorneys' fees and expenses not be recoverable in suits brought by the landlord against the tenant, they could have so stated. We conclude that the disputed provision does not limit Dan River's recovery for attorneys' fees and expenses to suits brought by third parties.
 
 
 14
 For these reasons, we affirm the district court's order awarding attorneys' fees and costs to Dan River. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED