544 S.E.2d 848

**SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE CO., Respondent,**

v.

**Calvin Lee WILSON, Mark Walton Davis and Carl King, Defendants,**

**of whom Mark Walton Davis is, Respondent,**

and

**Carl King is, Appellant.**

**No. 3311.**

Court of Appeals of South Carolina.

Heard Feb. 7, 2001.

Decided March 5, 2001.

Rehearing Denied April 23, 2001.

Gene M. Connell, Jr., of Kelaher, Connell & Connor, of Surfside Beach; and Phillip D. Sasser, of Conway, for appellant.

D. Michael Henthorne, Robert T. Bockman, and William W. Doar, Jr., all of the McNair Law Firm, of Georgetown; N. David DuRant, of Surfside; and William E. Lawson, of Lawson & Gwin, of Myrtle Beach, for respondent.

CURETON, Judge:

South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) filed this declaratory judgment action against Calvin Lee Wilson, Mark Walton Davis, and Carl King, seeking a determination of the parties' rights under a commercial automobile policy issued by Farm Bureau to Carl King. The master-in-equity found the policy did not provide King coverage because the utility trailer pulled by his truck had a weight capacity of over 5,000 pounds. King appeals. We affirm.

## Facts

King is in the business of installing mobile homes. Farm Bureau issued a commercial policy to King insuring his 1988 Ford utility vehicle. King's employee was operating the vehicle while towing a utility trailer when the trailer disengaged, crossed the center line, and struck the vehicles occupied by Wilson and Davis.

Mark Gore, Farm Bureau's adjuster, investigated the accident. Gore testified King told him the capacity of the trailer was 10,000 pounds. Gore also stated King admitted the trailer was carrying approximately two hundred cement blocks at the time of the accident. The blocks, used to set up mobile homes, weigh approximately 30 pounds each.

Robert Taylor, a mechanical engineer and accident reconstructionist, described the trailer as "in between homemade and factory made." Thus, the trailer had no manufacturer's capacity nameplate. The trailer was constructed with a steel plate on the floor and sides. The bed was approximately six foot by ten foot, with eighteen inch sides. The trailer had two axles of a type used to transport mobile homes, and four tires, each with a maximum load capacity of 2,270 pounds. Taylor testified the trailer had a capacity of 6,500 to 7,500 pounds.

Donald Poston, a self-employed welder, testified he manufactured the trailer. He had built between thirty and forty trailers, of which approximately fifteen or twenty were utility trailers. Poston testified the capacity of the trailer is limited by the tongue. The tongue on this trailer was ten-feet long, five of which extended beyond the trailer. Poston testified the trailer had a capacity of approximately 4,000 pounds.

The master concluded, inter alia, King was not covered by the commercial automobile policy because the policy limited liability coverage to utility trailers with a capacity of 5,000 pounds or less and King's utility trailer had a capacity in excess of 5,000 pounds.

## Standard of Review

██ A declaratory judgment action is neither legal nor equitable, but is determined by the nature of the underlying issue. *Felts v. Richland County*, 303 S.C. 354, 400 S.E.2d 781 (1991). An action to determine coverage under an insurance

policy is an action at law. *See Travelers Indem. Co. v. Auto World, Inc.,* 334 S.C. 137, 511 S.E.2d 692 (Ct.App.1999) (noting that an action to determine coverage under an automobile insurance policy is an action at law). In an action at law tried without a jury, the trial court's findings will not be disturbed on appeal unless the findings are found to be without evidence reasonably supporting them. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976).

### *Law/Analysis*

King argues, the master erred in concluding the auto policy excluded liability coverage. We disagree.

Part I of the policy describes liability coverage stating:

### I.

We will:

1. pay for **bodily injury** and **property damage you** or any **covered persons** are legally obligated to pay caused by an accident arising out of the ownership, maintenance or use of **your auto.**

The policy continues with a section defining supplementary payments and coverage extensions. The coverage extensions section first describes the coverage for "Use of Other Autos." It next describes liability coverage for "Use of Trailers." The master relied on this language in finding King not entitled to coverage:

### USE OF TRAILERS

**Bodily Injury** and **Property Damage** Liability Coverage applies to your use of:

1. any utility **trailer** with a capacity of 5,000 pounds or less;

2. any farm **trailer** with a capacity of 25,000 pounds or less; or

3. any other **trailer** not owned or leased by you.

**Bodily Injury** and **Property Damage** Liability Coverage applies to any other owned or leased **trailers** only when listed on the **Declarations** or subsequent endorsements and the premium charge is paid....

King argues because the policy does not specifically exclude utility trailers with a capacity of more than 5,000 pounds, the master erred in reading the exclusion into the policy. Insurance policies are subject to general rules of contract construction. *Fritz–Pontiac–Cadillac–Buick v. Goforth,* 312 S.C. 315, 440 S.E.2d 367 (1994). This court must enforce, not write, contracts of insurance and we must give policy language its plain, ordinary, and popular meaning. *Id.* An insurer's obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction. *South Carolina Ins. Co. v. White,* 301 S.C. 133, 390 S.E.2d 471 (Ct.App.1990).

It is true that a policy clause extending coverage has to be liberally construed in favor of coverage. *Torrington Co. v. Aetna Cas. and Sur. Co.,* 264 S.C. 636, 216 S.E.2d 547 (1975). However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend coverage that was never intended by the parties. *Sphere Drake Ins. Co. v. Litchfield,* 313 S.C. 471, 438 S.E.2d 275 (Ct.App.1993). The fact that the exclusions section of the policy does not specifically include a statement excluding utility trailers with a capacity of more than 5,000 pounds does not defeat the limitation on covered utility trailers. The clause extending coverage to "any utility trailer with a capacity of 5,000 pounds or less" is not ambiguous. We find the master correctly interpreted the clause as excluding coverage of utility trailers with a capacity of more than 5,000 pounds.

## II.

King also argues that despite the clause limiting coverage to utility trailers, the liability portion of the policy provides coverage to all trailers under the definitions in the policy. We disagree.

The policy provides the following definitions:

4. **Auto(s)** means a self-propelled **motor vehicle**, designed primarily to be used on public roads and required to be registered under the South Carolina Motor Vehicle Registration and Licensing Act.

8. **Motor vehicle** means a self-propelled vehicle or **trailer** designed for use on public roads.

15. **Trailer(s)** means a vehicle designed to be pulled by an auto.

King argues the term "auto" includes a trailer designed for use on public roads. Thus, as King's trailer is clearly designed for use on public roads, it is entitled to coverage as an "auto." Farm Bureau concedes that a "trailer designed for use on public roads" is defined as a "motor vehicle." However, not all "motor vehicles" are "autos." Only "self-propelled motor vehicles" are "autos" under the policy definitions, and "trailers" are independently defined as vehicles designed to be pulled by an "auto."

The language employed in an insurance contract is to be understood in its plain, ordinary, and popular sense. *Carroway v. Johnson*, 245 S.C. 200, 139 S.E.2d 908 (1965). Courts will not torture the meaning of a policy to extend coverage not agreed to by the parties. *General Ins. Co. v. Palmetto Bank*, 268 S.C. 355, 233 S.E.2d 699 (1977). Under a normal reading of the policy language, we conclude a utility trailer is not defined as an "auto" under the policy definitions.

### III.

Finally, King argues even if the policy excludes coverage to utility trailers with a capacity over 5,000 pounds, the master erred in finding his trailer had a capacity of over 5,000 pounds. We disagree.

Pursuant to our standard of review, we may reverse the master's factual findings only if they are found to be without evidence reasonably supporting them. *See Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976). There was conflicting testimony regarding the capacity of the trailer ranging from 4,000 to 10,000 pounds. We find there is evidence to support the master's conclusion that the trailer had a capacity greater than 5,000 pounds.

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

GOOLSBY and CONNOR, JJ., concur.