ST. PAUL REINSURANCE COMPANY
LIMITED, Plaintiff,

v.

OLLIE'S SEAFOOD GRILLE AND BAR,
LLC, Ollie's By the Bay, Christine B.
Goodman, and Joseph J. Riviello, Defendants.

C.A. No. 9:06–cv–1080–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

Jan. 5, 2007.

John Smith Wilkerson, III, Turner Padget Graham and Laney, Charleston, SC, for Plaintiff.

Anne Louise Ross, Haynsworth Sinkler Boyd, Charleston, SC, Jennifer I. Campbell, Samuel S. Svalina, Svalina Law Firm, Beaufort, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff St. Paul Reinsurance Company Limited's ("St.Paul") Motion for Summary Judgment. For the following reasons, St. Paul's Motion is granted.

## I. BACKGROUND

Defendant Christine B. Goodman owned Ollie's By the Bay, at 822 Bay Street, Beaufort, South Carolina through the limited liability company, Ollie's Seafood & Grille, LLC.[1] On September 21, 2001, Goodman purchased an insurance policy (the "Policy") from St. Paul Reinsurance Company. The Policy included a Commercial General Liability Policy and a separate Liquor Liability Coverage Part.

On June 9, 2005, a lawsuit entitled *Joseph J. Riviello, Plaintiff v. Hason Diggins, Richard Derleth, Ollie's Seafood Grille and Bar, LLC, Ollie's By the Bay and Christine B. Goodman, Defendants* ("underlying lawsuit") was filed in the Court of Common Pleas for Beaufort County. The facts as alleged in the underlying lawsuit are summarized as follows: on or about June 15, 2002, Joseph Riviello, an United States Marine under the age of twenty-one, visited Ollie's By the Bay as an invitee and consumed alcoholic beverages on the premises. Also present at that time were Jason Diggins and Richard Derleth, who were also invitees and consuming alcoholic beverages. As these and other patrons were exiting Ollie's By the Bay, it is alleged that Jason Diggins and Richard Derleth provoked the altercation and assaulted Riviello. As a result of the altercation, Riviello sustained serious knife injuries, allegedly at the hands of Diggins and Derleth.

As a first cause of action, the underlying lawsuit asserts a claim for assault and battery against Diggins and Derleth. The second cause of action is brought only against the Ollie's Defendants, and alleges that Riviello suffered personal injuries as a result of the Ollie's Defendants' negligent or reckless (a) breach of duty to provide a safe and controlled environment for the entertainment of invitees; (b) breach of duty to prevent the sale of alcohol to a person in an intoxicated condition; (c) breach of duty to prevent the sale of alcohol to minors; and (d) breach of the duty to protect against the foreseeable criminal acts of third parties. According to the Complaint, Riviello seeks to recover for all injuries he sustained as a direct or proximate result of the assault and battery. (Underlying Lawsuit Complaint ¶ 26.)

The Ollie's Defendants tendered the defense of the underlying lawsuit to St. Paul. St. Paul is providing the defense of this action under a reservation of rights. On April 6, 2006, St. Paul instituted the present declaratory judgment action, seeking a declaration that under the terms of the Policy, St. Paul has no duty to defend or indemnify the Ollie's Defendants. St. Paul has now moved for summary judgment. The Ollie's Defendants and Defendant Riviello have responded, arguing that a genuine issue of material fact exists as to whether the Policy covers the defense and indemnification of the underlying lawsuit. Defendant Riviello also argues that discovery is incomplete such that consideration of the Motion for Summary Judgment is premature at this time.

## II. STANDARD OF REVIEW

### A. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 123–24 (4th Cir.1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary

---

1. For the purposes of this Order, the court will refer to Defendants Christine Goodman, Ollie's By the Bay, and Ollie's Seafood & Grille, LLC collectively as the "Ollie's Defendants."

judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

### B. Legal Standard for Construction of Insurance Policies

Under the law of South Carolina, insurance policies are subject to the general rules of contract construction. *B.L.G. Enterprises, Inc. v. First Financial Ins. Co.*, 334 S.C. 529, 514 S.E.2d 327 (1999). The court must give policy language its plain, ordinary, and popular meaning. *Id.* When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. *Id.; see Auto–Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 356 S.C. 156, 162–163, 588 S.E.2d 112, 115 (S.C.2003). This court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary, and popular meaning. *Id.* An insurer's obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction. *South Carolina Ins. Co. v. White*, 301 S.C. 133, 390 S.E.2d 471 (Ct.App.1990).

It is true that a policy clause extending coverage has to be liberally construed in favor of coverage. *Torrington Co. v. Aetna Cas. and Sur. Co.*, 264 S.C. 636, 216 S.E.2d 547 (1975). Insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability. *Owners Ins. Co. v. Clayton*, 364 S.C. 555, 560, 614 S.E.2d 611, 614 (S.C.2005); *Boggs v. Aetna Cas. and Sur. Co.*, 272 S.C. 460, 252 S.E.2d 565 (1979). However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend coverage that was never intended by the parties. *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 438 S.E.2d 275 (Ct. App.1993); *South Carolina Farm Bureau Mut. Ins. Co. v. Wilson*, 344 S.C. 525, 530, 544 S.E.2d 848, 850 (S.C.Ct.App.2001).

When a provision is ambiguous, the intent of the parties controls. *See Holcombe v. Orkin Exterminating Co., Inc.*, 282 S.C. 104, 317 S.E.2d 458 (Ct.App.1984). Although the interpretation of a contract is generally a matter of law, the intent of the parties becomes a question of fact for the jury when the contract is ambiguous. *Kumpf v. United Tel. Co.*, 311 S.C. 533, 429 S.E.2d 869 (Ct. App.1993). Accordingly, summary judgment is not appropriate where, due to an ambiguity, the intent of the parties is at issue.

### III. ANALYSIS

### A. Plain Language of the Policy

■ Plaintiff St. Paul argues that summary judgment should be entered in its favor because, under the plain terms of the Policy, the underlying lawsuit, which arises from an alleged assault and battery, is excluded from coverage. The Commercial General Liability Coverage Part of the Policy excludes liability for claims arising out of "Assault and Battery, whether caused by or at the instruction of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever," and the Commercial Liquor Liability Coverage Part of the Policy similarly excludes "any claim arising out of an assault and/or battery . . . whether caused by the insured, an employee, a patron or any other person." [2] As such, because all of Riv-

---

**2.** In their Response to St. Paul's Motion, the Ollie's Defendants argue that the Liquor Liability Part of the Policy does not include an assault and battery exclusion. This is obviously incorrect, as the assault and battery exclusion is clearly set forth in the Liquor Liability Part in endorsement TLIQ 001, attached to Plaintiff's Memo in Support of Summary Judgment as Exhibit 1. In its entirety, this exclusion, entitled EXCLUSION— ASSAULT AND BATTERY, provides: "This insurance does not apply to any claim arising out of an assault and/or battery or out of any act or

iello's injuries are alleged to have been the direct result of the assault and battery, St. Paul claims that these exclusions clearly apply such that it has no obligation to defend or indemnify the Ollie's Defendants in the underlying lawsuit.

South Carolina courts have interpreted similar exclusionary clauses under analogous facts, and held that *all* claims arising from an assault and battery, whether rooted in the actual assault and battery or couched in terms of negligence, fall within the parameters of an assault and battery exclusion and therefore such claims do not trigger an insurer's duty to defend or indemnify. In *Sphere Drake Insurance Company v. Litchfield,* a nightclub was insured under a policy which excluded "claims arising out of Assault and Battery, whether caused by or at the direction of, the insured, his employees, patrons of [sic] any cause whatsoever." 313 S.C. 471, 438 S.E.2d 275 (Ct.App.1993). The South Carolina Court of Appeals held that this assault and battery exclusion applied to a claim arising from an incident in which the nightclub's "bouncer" assaulted a patron. In that case, the Court held that the assault and battery exclusion "unambiguously applie[d]" to exclude coverage for both the cause of action brought against the nightclub for the tort of assault and battery, as well as the cause of action against the nightclub for negligence in hiring and supervising its employee. The Court reasoned that,

> the separate acts of negligence alleged by [the plaintiff] are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of [the defendant nightclub]. The negligence claims are for bodily injury "arising out of" assault and battery and come within the exclusion.

313 S.C. at 474, 438 S.E.2d at 277. As such, the Court in *Sphere Drake* held that the assault and battery exclusion applied to *all* claims in the underlying suit which sought to recover for injuries "arising" from the alleged assault and battery.

In this case, the exclusionary clauses in both the Commercial General Liability Coverage Part and the Commercial Liquor Liability Coverage Part of the Policy unambiguously apply to the underlying lawsuit. In readily understandable language, these provisions exclude coverage for claims arising out of assault and battery, "whether caused by the insured, an employee, a patron or any other person" [3] or by the "negligence of the insured, his employees, patrons or any causes whatsoever." [4] As was the case in *Sphere Drake,* the separate acts of negligence alleged in the underlying lawsuit would not be actionable without the assault and battery, because the only injuries suffered by Riviello were the result of the assault and battery. As such, the claim against the Ollie's Defendants for negligence "arose from" the alleged assault and battery, and are excluded from coverage under the plain terms of the Policy. After considering the Policy, the facts as alleged in the underlying lawsuit, and the law of South Carolina, the court finds that the assault and battery exclusions apply in this case, such that the Policy does not require St. Paul to defend or indemnify the Ollie's Defendants.

**B. Riviello's Motion to Continue to Allow for Additional Discovery**

Defendant Riviello argues that St. Paul's Motion for Summary Judgment is premature. Pursuant to Rule 56(f) Fed.R.Civ.P., Riviello's attorney filed an Affidavit stating that, due to the lack of discovery, she is unable to respond to the Motion at this time. The Affidavit asserts that a motion to stay the underlying lawsuit based on the on-going criminal action against Jason Diggins and the resultant invocation of the Fifth Amendment privilege is currently pending in state court.

---

failure to act to prevent or suppress an assault and/or battery whether caused by the insured, an employee, a patron or any other person. This exclusion applies to all causes of action arising out of an assault and/or battery including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act,

error, or omission relating to an assault and/or battery."

**3.** Liquor Liability Part, endorsement TLIQ 001

**4.** General Commercial Liability Part, endorsement SPGL–01

As such, Riviello's counsel avers that discovery has been slowed and several depositions that are "relevant to the on-going federal action and the instant summary judgment motion," including the depositions of Christine B. Goodman and Richard Derleth, have not been taken. (Rule 56(f) Affidavit ¶ 6.) Accordingly, she asserts that more discovery is necessary to respond to this motion for summary judgment, and the court should not consider the motion at this time.

■ As a general rule, summary judgment is appropriate only after "adequate time for discovery." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir.1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417. "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202. Rule 56 provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). The party opposing summary judgment bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995). "Vague assertions" that more discovery is needed are insufficient. *Id.* Courts generally place great weight on a Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans v. Techs. Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996) (quoting *Nguyen*, 44 F.3d at 242).

■ In this case, although Riviello properly conforms to the procedural requirements of Rule 56(f) by filing an appropriate affidavit, he fails to show what specific facts he hopes to discover that will raise an issue of material fact regarding St. Paul's duty to indemnify and defend the underlying lawsuit. In a declaratory judgment action, an insurance carrier may appropriately move for summary judgment to determine whether it is obligated to provide coverage to an insured, where, as here, there are no material ambiguities in the policy. *See Highlands Ins. Co. v. Gerber Prods. Co.*, 702 F.Supp. 109, 111 (D.Md.1988). In order to make a declaration regarding the insurer's duty to defend and indemnify the underlying suit, the court need only consider the plain terms of the Policy and the allegations and claims asserted in the underlying lawsuit. The underlying lawsuit clearly seeks damages to recover for injuries sustained in an alleged assault and battery. Based on these claims and allegations, the assault and battery exclusions unambiguously apply to release St. Paul from its duty to indemnify and defend the Ollie's Defendants in the underlying lawsuit. Riviello has suggested no set of facts which could be discovered that would be "essential to his opposition to this motion." Accordingly, the court denies Riviello's motion for continuance pursuant to Rule 56(f) and grants St. Paul's motion for summary judgment.

## IV. *CONCLUSION*

For the reasons stated above, the court declares that, under the terms of the Policy, St. Paul Reinsurance Company Limited has no duty to defend and no duty to indemnify the Ollie's Defendants in the underlying lawsuit.

**AND IT IS SO DECLARED.**