**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1174**

---

ST. PAUL REINSURANCE COMPANY, LIMITED,

        Plaintiff – Appellee,

      v.

JOSEPH J. RIVIELLO,

        Defendant – Appellant,

      and

OLLIE'S SEAFOOD GRILLE AND BAR LLC; OLLIE'S BY THE BAY;
CHRISTINE B. GOODMAN,

        Defendants.

---

**No. 07-1203**

---

ST. PAUL REINSURANCE COMPANY, LIMITED,

        Plaintiff – Appellee,

      v.

OLLIE'S SEAFOOD GRILLE AND BAR LLC; OLLIE'S BY THE BAY;
CHRISTINE B. GOODMAN,

        Defendants – Appellants,

      and

JOSEPH J. RIVIELLO,

        Defendant.

Appeals from the United States District Court for the District of South Carolina, at Beaufort.  Patrick Michael Duffy, District Judge.  (9:06-cv-01080-PMD)

Submitted:  September 3, 2008          Decided:  October 20, 2008

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Tiller, Anne L. Ross, HAYNSWORTH SINKLER BOYD, P.A., Charleston, South Carolina, for Appellants Ollie's Seafood Grille and Bar LLC, Ollie's By the Bay, and Christine B. Goodman; Samuel S. Svalina, Beaufort, South Carolina, for Appellant Joseph J. Riviello.  John S. Wilkerson, III, Nosizi Ralephata, TURNER PADGET GRAHAM & LANEY, P.A., Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Ollie's Seafood Grille and Bar LLC, Ollie's by the Bay, Christine B. Goodman (collectively, "the Ollie's appellants"), and Joseph J. Riviello appeal from the summary judgment entered in favor of St. Paul Reinsurance Company, Ltd. <u>See</u> <u>St. Paul Reins. Co. v. Ollie's Seafood Grille and Bar, LLC</u>, 242 F.R.D. 348 (D.S.C. 2007). Finding no error, we affirm.

At all times pertinent to this case, Goodman owned Ollie's by the Bay in Beaufort, South Carolina, through the limited liability company, Ollie's Seafood & Grille, LLC. In September 2001, Goodman purchased an insurance policy (the "Policy") from St. Paul. The Policy included a Commercial General Liability Part ("CGL") and a separate Liquor Liability Coverage Part.

In June 2005, Riviello filed suit in the Court of Common Pleas for Beaufort County against Jason Diggins, Richard Derleth, and the Ollie's appellants. In that action, Riviello alleges that in June 2002 he visited Ollie's by the Bay as an invitee and consumed alcoholic beverages on the premises. Diggins and Derleth, who were also invitees consuming alcoholic beverages at Ollie's by the Bay, allegedly provoked an altercation and assaulted Riviello. As a result of the altercation, Riviello sustained serious injuries. In his first cause of action, Riviello asserts a claim against Diggins and

3

Derleth for assault and battery. In his second cause of action, brought against the Ollie's appellants, Riviello asserts that he was injured as a result of their negligent or reckless breach of a duty to (1) provide a safe and controlled environment for the entertainment of invitees, (2) prevent the sale of alcohol to a person in an intoxicated condition, (3) prevent the sale of alcohol to minors, and (4) protect against the foreseeable criminal acts of third parties. Riviello seeks to recover for all injuries he allegedly sustained as a direct or proximate result of the assault and battery.

The Ollie's appellants tendered the defense of the underlying lawsuit to St. Paul. In April 2006, St. Paul (which provided a defense under a reservation of rights) filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify the Ollie's appellants. St. Paul thereafter moved for summary judgment, arguing that the underlying lawsuit arises from an assault and battery and, therefore, is excluded from coverage under the plain language of the Policy. Specifically, St. Paul pointed to the CGL Part of the Policy, which excludes liability for claims arising out of "Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever;" and the Commercial Liquor Liability Coverage Part of the Policy, which excludes

4

"any claim arising out of an assault and/or battery . . . whether caused by the insured, an employee, a patron or any other person." J.A. 45, 70.

The district court granted St. Paul's summary judgment motion, holding that St. Paul has no duty to defend or indemnify the Ollie's appellants in the underlying litigation. In reaching this decision, the district court applied common principles of South Carolina insurance contract law, and it relied particularly on the factually similar case of Sphere Drake Insurance Co. v. Litchfield, 438 S.E.2d 275 (S.C. App. 1993).

In Sphere Drake, the state court of appeals held that an assault and battery exclusion in a nightclub's insurance policy applied to a patron's assault and battery and negligence claims arising from an incident in which the nightclub's "bouncer" assaulted a patron. The policy in Sphere Drake excluded "claims arising out of Assault and Battery, whether caused by or at the direction of, the insured, his employees, patrons [or] any cause whatsoever." Id. at 277. The court of appeals reasoned:

> [T]he separate acts of negligence alleged by [the plaintiff] are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of [the defendant nightclub]. The negligence claims are for bodily injury "arising out of" assault and battery and come within the exclusion.

Id.

Applying South Carolina law to the facts of this case, the district court concluded:

> In this case, the exclusionary clauses in both the Commercial General Liability Coverage Part and the Commercial Liquor Liability Coverage Part of the Policy unambiguously apply to the underlying lawsuit. In readily understandable language, these provisions exclude coverage for claims arising out of assault and battery, "whether caused by the insured, an employee, a patron or any other person" or by the "negligence of the insured, his employees, patrons or any causes whatsoever." As was the case in Sphere Drake, the separate acts of negligence alleged in the underlying lawsuit would not be actionable without the assault and battery, because the only injuries suffered by Riviello were the result of the assault and battery. As such, the claim against the Ollie's [appellants] for negligence "arose from" the alleged assault and battery, and are excluded from coverage under the plain terms of the Policy.

242 F.R.D. at 351.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). "We review the district court's order granting summary judgment de novo,

6

viewing the facts in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).

We have carefully reviewed the record, the parties' briefs, and the controlling law. For the reasons articulated by the district court, we find that St. Paul is entitled as a matter of law to a declaration that it does not have a duty to defend or indemnify the Ollie's appellants in the underlying lawsuit. Accordingly, we affirm the summary judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]While St. Paul's summary judgment motion was pending, Riviello sought a continuance under Rule 56(f) in order to conduct further discovery. The district court denied Riviello's request, concluding that he failed to show specific facts that he hoped to discover that would raise an issue of material fact regarding St. Paul's duty to indemnify and defend the underlying lawsuit. See 242 F.R.D. at 352. Riviello appeals that aspect of the district court's order. We hold that the district court did not abuse its discretion in denying his request. See generally Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (stating standard of review).